**Fill in this information to identify your case:**

United States Bankruptcy Court for the:

EASTERN DISTRICT OF NEW YORK

Case number *(if known)* _____  Chapter  **11**

☐ Check if this an
amended filing

Official Form 201

# Voluntary Petition for Non-Individuals Filing for Bankruptcy        4/16

If more space is needed, attach a separate sheet to this form. On the top of any additional pages, write the debtor's name and case number (if known).
For more information, a separate document, *Instructions for Bankruptcy Forms for Non-Individuals,* is available.

| | | | |
|---|---|---|---|
| 1. | Debtor's name | **401 MACON REALTY LLC** | |

2. All other names debtor
   used in the last 8 years

   Include any assumed
   names, trade names and
   *doing business as* names

3. Debtor's federal
   **Employer Identification
   Number** (EIN)          **82-2205082**

4. Debtor's address

| **Principal place of business** | **Mailing address, if different from principal place of business** |
|---|---|
| **878 East 28th Street** | |
| **Brooklyn, NY 11210** | |
| Number, Street, City, State & ZIP Code | P.O. Box, Number, Street, City, State & ZIP Code |
| **Kings** | **Location of principal assets, if different from principal place of business** |
| County | **401 Macon Street Brooklyn, NY 11233** |
| | Number, Street, City, State & ZIP Code |

5. Debtor's website (URL)  _____

6. Type of debtor

   ■ Corporation (including Limited Liability Company (LLC) and Limited Liability Partnership (LLP))

   ☐ Partnership (excluding LLP)

   ☐ Other. Specify: _____

| Debtor | **401 MACON REALTY LLC** | Case number (*if known*) | |
|---|---|---|---|
| | Name | | |

**7.   Describe debtor's business**

A. *Check one:*

☐ Health Care Business (as defined in 11 U.S.C. § 101(27A))

■ Single Asset Real Estate (as defined in 11 U.S.C. § 101(51B))

☐ Railroad (as defined in 11 U.S.C. § 101(44))

☐ Stockbroker (as defined in 11 U.S.C. § 101(53A))

☐ Commodity Broker (as defined in 11 U.S.C. § 101(6))

☐ Clearing Bank (as defined in 11 U.S.C. § 781(3))

☐ None of the above

B. *Check all that apply*

☐ Tax-exempt entity (as described in 26 U.S.C. §501)

☐ Investment company, including hedge fund or pooled investment vehicle (as defined in 15 U.S.C. §80a-3)

☐ Investment advisor (as defined in 15 U.S.C. §80b-2(a)(11))

C. NAICS (North American Industry Classification System) 4-digit code that best describes debtor.
See http://www.uscourts.gov/four-digit-national-association-naics-codes.

____5311____

**8.   Under which chapter of the Bankruptcy Code is the debtor filing?**

*Check one:*

☐ Chapter 7

☐ Chapter 9

■ Chapter 11. *Check all that apply*:

☐ Debtor's aggregate noncontingent liquidated debts (excluding debts owed to insiders or affiliates) are less than $2,566,050 (amount subject to adjustment on 4/01/19 and every 3 years after that).

☐ The debtor is a small business debtor as defined in 11 U.S.C. § 101(51D). If the debtor is a small business debtor, attach the most recent balance sheet, statement of operations, cash-flow statement, and federal income tax return or if all of these documents do not exist, follow the procedure in 11 U.S.C. § 1116(1)(B).

☐ A plan is being filed with this petition.

☐ Acceptances of the plan were solicited prepetition from one or more classes of creditors, in accordance with 11 U.S.C. § 1126(b).

☐ The debtor is required to file periodic reports (for example, 10K and 10Q) with the Securities and Exchange Commission according to § 13 or 15(d) of the Securities Exchange Act of 1934. File the *attachment to Voluntary Petition for Non-Individuals Filing for Bankruptcy under Chapter 11* (Official Form 201A) with this form.

☐ The debtor is a shell company as defined in the Securities Exchange Act of 1934 Rule 12b-2.

☐ Chapter 12

**9.   Were prior bankruptcy cases filed by or against the debtor within the last 8 years?**

If more than 2 cases, attach a separate list.

■ No.

☐ Yes.

| | District | | When | | Case number | |
|---|---|---|---|---|---|---|
| | District | | When | | Case number | |

**10.   Are any bankruptcy cases pending or being filed by a business partner or an affiliate of the debtor?**

List all cases. If more than 1, attach a separate list

☐ No

■ Yes.

| | Debtor | **See Attachment** | | Relationship | |
|---|---|---|---|---|---|
| | District | | When | Case number, if known | |

| Debtor | **401 MACON REALTY LLC** | Case number (*if known*) |
|---|---|---|
| | Name | |

**11. Why is the case filed in this district?**   *Check all that apply:*

■ Debtor has had its domicile, principal place of business, or principal assets in this district for 180 days immediately preceding the date of this petition or for a longer part of such 180 days than in any other district.

■ A bankruptcy case concerning debtor's affiliate, general partner, or partnership is pending in this district.

**12. Does the debtor own or have possession of any real property or personal property that needs immediate attention?**

■ No

☐ Yes.   Answer below for each property that needs immediate attention. Attach additional sheets if needed.

**Why does the property need immediate attention?** (*Check all that apply.*)

☐ It poses or is alleged to pose a threat of imminent and identifiable hazard to public health or safety.

   What is the hazard? _____

☐ It needs to be physically secured or protected from the weather.

☐ It includes perishable goods or assets that could quickly deteriorate or lose value without attention (for example, livestock, seasonal goods, meat, dairy, produce, or securities-related assets or other options).

☐ Other _____

**Where is the property?** _____
                          Number, Street, City, State & ZIP Code

**Is the property insured?**

☐ No

☐ Yes.   Insurance agency _____

         Contact name _____

         Phone _____

---

**Statistical and administrative information**

**13. Debtor's estimation of available funds**   *Check one:*

■ Funds will be available for distribution to unsecured creditors.

☐ After any administrative expenses are paid, no funds will be available to unsecured creditors.

**14. Estimated number of creditors**

| | | |
|---|---|---|
| ■ 1-49 | ☐ 1,000-5,000 | ☐ 25,001-50,000 |
| ☐ 50-99 | ☐ 5001-10,000 | ☐ 50,001-100,000 |
| ☐ 100-199 | ☐ 10,001-25,000 | ☐ More than100,000 |
| ☐ 200-999 | | |

**15. Estimated Assets**

| | | |
|---|---|---|
| ☐ $0 - $50,000 | ■ $1,000,001 - $10 million | ☐ $500,000,001 - $1 billion |
| ☐ $50,001 - $100,000 | ☐ $10,000,001 - $50 million | ☐ $1,000,000,001 - $10 billion |
| ☐ $100,001 - $500,000 | ☐ $50,000,001 - $100 million | ☐ $10,000,000,001 - $50 billion |
| ☐ $500,001 - $1 million | ☐ $100,000,001 - $500 million | ☐ More than $50 billion |

**16. Estimated liabilities**

| | | |
|---|---|---|
| ☐ $0 - $50,000 | ■ $1,000,001 - $10 million | ☐ $500,000,001 - $1 billion |
| ☐ $50,001 - $100,000 | ☐ $10,000,001 - $50 million | ☐ $1,000,000,001 - $10 billion |
| ☐ $100,001 - $500,000 | ☐ $50,000,001 - $100 million | ☐ $10,000,000,001 - $50 billion |
| ☐ $500,001 - $1 million | ☐ $100,000,001 - $500 million | ☐ More than $50 billion |

| Debtor | **401 MACON REALTY LLC** | | Case number (*if known*) | |
|---|---|---|---|---|
| | Name | | | |

---

| | **Request for Relief, Declaration, and Signatures** |
|---|---|

**WARNING --** Bankruptcy fraud is a serious crime. Making a false statement in connection with a bankruptcy case can result in fines up to $500,000 or imprisonment for up to 20 years, or both. 18 U.S.C. §§ 152, 1341, 1519, and 3571.

**17. Declaration and signature of authorized representative of debtor**

The debtor requests relief in accordance with the chapter of title 11, United States Code, specified in this petition.

I have been authorized to file this petition on behalf of the debtor.

I have examined the information in this petition and have a reasonable belief that the information is trued and correct.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on    **January 23, 2018**
                MM / DD / YYYY

**X** **/s/ Mark J. Nussbaum**                          **Mark J. Nussbaum**
Signature of authorized representative of debtor          Printed name

Title    **Manager**

---

**18. Signature of attorney**

**X** **/s/ Jay Teitelbaum**                    Date **January 23, 2018**
Signature of attorney for debtor                        MM / DD / YYYY

**Jay Teitelbaum**
Printed name

**Teitelbaum Law Group, LLC**
Firm name

**1 Barker Avenue, Third Floor**
**White Plains, NY 10601**
Number, Street, City, State & ZIP Code

Contact phone  **(914) 437-7670**    Email address  **JTeitelbaum@tblawllp.com**

**2046050 NY**
Bar number and State

| Debtor | **401 MACON REALTY LLC** | Case number (*if known*) |
|---|---|---|
| | Name | |

---

**Fill in this information to identify your case:**

United States Bankruptcy Court for the:

EASTERN DISTRICT OF NEW YORK

Case number (*if known*) _____ Chapter __**11**__

☐ Check if this an
amended filing

---

# FORM 201. VOLUNTARY PETITION

## Pending Bankruptcy Cases Attachment

| Debtor | **1049 Bergen Realty LLC** | | Relationship to you | **common ownership** |
|---|---|---|---|---|
| District | **Eastern District of New York** | When | Case number, if known | |
| Debtor | **1596 Pacific Realty LLC** | | Relationship to you | **common ownership** |
| District | **Eastern District of New York** | When | Case number, if known | |
| Debtor | **E & J MACON LLC** | | Relationship to you | **common ownership** |
| District | **Eastern District of New York** | When **1/19/18** | Case number, if known | **18-40321** |

Official Form 201A (12/15)

*[If debtor is required to file periodic reports (e.g., forms 10K and 10Q) with the Securities and Exchange Commission pursuant to Section 13 or 15(d) of the Securities Exchange Act of 1934 and is requesting relief under chapter 11 of the Bankruptcy Code, this Exhibit "A" shall be completed and attached to the petition.]*

*[Caption as in Form 416B]*

## Attachment to Voluntary Petition for Non-Individuals Filing for Bankruptcy under Chapter 11

1. If any of the debtor's securities are registered under Section 12 of the Securities Exchange Act of 1934, the SEC file number is ___N/A___.

2. The following financial data is the latest available information and refers to the debtor's condition on _____.

a. Total assets                                                  $_____

b. Total debts (including debts listed in 2.c., below)    $_____

c. Debt securities held by more than 500 holders

Approximate number of holders:

secured ☐  unsecured ☐  subordinated ☐  $_____  _____
secured ☐  unsecured ☐  subordinated ☐  $_____  _____
secured ☐  unsecured ☐  subordinated ☐  $_____  _____
secured ☐  unsecured ☐  subordinated ☐  $_____  _____
secured ☐  unsecured ☐  subordinated ☐  $_____  _____

d. Number of shares of preferred stock                    _____
e. Number of shares common stock                          _____

Comments, if any: _____

_____

3. Brief description of debtor's business: Closely Held Limited Liability Company

_____

4. List the names of any person who directly or indirectly owns, controls, or holds, with power to vote, 5% or more of the voting securities of debtor:

_____

_____

**TEITELBAUM LAW GROUP, LLC**
1 Barker Avenue, 3rd Floor
White Plains, New York 10601
Tel: (914) 437-7670
Fax: (914) 437-7672
Email: jteitelbaum@tblawllp.com
*Proposed Attorneys for Debtor and Debtor in Possession*


**UNITED STATES BANKRUPTCY COURT**
**EASTERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re:<br><br>E & J MACON LLC,<br><br>               Debtor. | Chapter 11<br>Case No.: 18-40321-NHL |
| In re:<br><br>401 MACON REALTY LLC,<br><br>               Debtor. | Chapter 11<br>Case No.: |
| In re:<br><br>1049 BERGEN REALTY LLC,<br><br>               Debtor. | Chapter 11<br>Case No.: |
| In re:<br><br>1596 PACIFIC REALTY LLC,<br><br>               Debtor. | Chapter 11<br>Case No.: |


**DECLARATION OF ERVIN JOHNSON, JR. PURSUANT TO FEDERAL**
**BANKRUPTCY RULE 1007 AND LOCAL BANKRUPTCY RULE 1007-4 IN SUPPORT**
<u>**OF THE DEBTOR'S CHAPTER 11 PETITION**</u>

**TEITELBAUM LAW GROUP, LLC**
1 Barker Avenue, 3rd Floor
White Plains, New York 10601
Tel: (914) 437-7670
Fax: (914) 437-7672
Email: jteitelbaum@tblawllp.com
*Proposed Attorneys for Debtor and Debtor in Possession*

**UNITED STATES BANKRUPTCY COURT**
**EASTERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re: | |
| E & J MACON LLC, | Chapter 11<br>Case No.: |
| Debtor. | |

**DECLARATION OF ERVIN JOHNSON, JR. PURSUANT TO FEDERAL**
**BANKRUPTCY RULE 1007 AND LOCAL BANKRUPTCY RULE 1007-4 IN SUPPORT**
**OF THE DEBTOR'S CHAPTER 11 PETITION**

**STATE OF NEW YORK**          :

**COUNTY OF WESTCHESTER**   : SS.:

**ERVIN JOHNSON, JR.**, being duly sworn, this 19th day of January 2018, deposes and says
under penalty of perjury;

    1.    I am the 100% owner of E&J Macon, LLC ("**E&J Macon**" or the "**Debtor**"), the
above captioned debtor, and a majority owner of each of 1596 Pacific Realty, LLC ("**Pacific
Realty**"), 1049 Bergen Realty LLC ("**Bergen Realty**") and 401 Macon Realty LLC ("**Macon
Realty**")  and I have knowledge of the business affairs of the Debtor and each of  Pacific Realty,
Bergen Realty and Macon Realty and have personal knowledge of the facts set forth herein

1

unless stated to be upon information and belief. I am authorized to make this affidavit on behalf of the Debtor and each of Pacific Realty, Bergen Realty and Macon Realty.

2.    I submit this affidavit (a) in support of the Debtor's petition for relief under Chapter 11 of Title 11 of the United States Code (the "**Bankruptcy Code**"), (b) to assist the Court and other interested parties in understanding the circumstances giving rise to the commencement of the Chapter 11 case, and (c) to provide general information about the Debtor's business operations.

3.    Part I of this Declaration provides an introduction to the Debtor and its Chapter 11 case and of each of Pacific Realty, Bergen Realty and Macon Realty and describes the circumstances giving rise to the commencement of the Chapter 11 case. Part **II** of this Declaration sets forth the information required by Local Bankruptcy Rule 1007-4 for the Eastern District of New York.

I.    **Introduction and Background**

A.    **Preliminary Statement**

4.    On January 19, 2018, (the "**Petition Date**"), the Debtor filed a voluntary petition for relief under Chapter 11 of the Bankruptcy Code.

5.    The Debtor continues in possession of its property and the management of its business affairs as debtor-in-possession pursuant to §§ 1107(a) and 1108 of the Bankruptcy Code. The Debtor manages its business, including the receipt and disbursement of cash, through a management company, USA Quick Solutions, Corp., ("**USA Solutions**") pursuant to a management agreement. No trustee, examiner or statutory committee has been appointed.

6.    I am a 71 year old African American with a high school diploma. I am retired from 13 years of service at the United States Postal Service and 20 years of service from the New York City Department of Sanitation.

7.      I have worked and saved my entire life. Over the course of many years I managed to acquire several multifamily buildings in Brooklyn, New York.

8.      Prior to the commencement of this case, by deeds dated September 29, 2016, I transferred three properties commonly known as 1596 Pacific Street, Brooklyn, N.Y. ("**Pacific Street**"), 1049 Bergen Street, Brooklyn, N.Y.  ("**Bergen Street**") and 401 Macon Street, Brooklyn, N.Y. ("**Macon Street**" and together with Pacific Street and Bergen Street, the "**Premises**") to the Debtor, which was and is 100% owned by me, and the Debtor incurred certain debts and obligations with respect to the Premises.

9.      Prior to the commencement of this case, by deeds dated June 26, 2017, title to the Premises was transferred by the Debtor as follows: Pacific Street to Pacific Realty, Bergen Street to Bergen Realty, and Macon Street to Macon Realty.

10.      It is anticipated that each of Pacific Realty, Bergen Realty and Macon Realty will be filing Chapter 11 petitions in this Court within the next several days.

11.      Unfortunately, due to my lack of sophistication and experience managing properties I trusted the wrong people, including one John Clarke ("**Clarke**") and the principals of Macon Funding LLC ("**Macon Funding**"), one of my secured and I encountered many problems with the Premises and with tenants and the City of New York. I am not proud of the building code violations issued or condition of my properties but, as discussed below, I am now working with sophisticated investors and advisors who have the experience, financial wherewithal and incentive to correct the violations and renovate and improve the Premises to maximize the value of the Premises.

12.      I am advised and believe that the current value of the Premises is at least $7 million and that when improved and rented the value will be significantly greater.

13.      I am further advised and believe that there are lenders currently in place ready willing and able to lend at least $5 million to satisfy the current secured claims and liens against the Premises and to continue the necessary repairs and improvements to the Premises.

14.      I am further advised and believe that there is currently being negotiated a debtor in possession financing facility (the"**DIP**") which will be used to fund the ongoing operations of the Debtor and each of Pacific Realty, Bergen Realty and Macon Realty and the administrative expenses of this case and the anticipated cases of Pacific Realty, Bergen Realty and Macon Realty.

15.      I do not believe that there are any unsecured creditors of the Debtor or any of Pacific Realty, Bergen Realty or Macon Realty

16.      I believe that secured creditors will be paid in full from the refinancing of the Premises.

17.      Neither the Debtor, nor Pacific Realty, Bergen Realty and Macon Realty presently have any employees, but USA Solutions is planning on hiring a full time building superintendent (the "**Super**") to care for the Premises. The anticipated monthly salary for the Super is $3,200.00.

18.      Neither I, nor any principal or member of Pacific Realty, Bergen Realty, or Macon Realty intends to draw any salary or be paid any compensation during the course of this case or any case to be filed for such entities.

19.      As discussed below, the cause for the filing of these cases is two fold. First, I trusted Clarke to manage the Premises. Clarke mismanaged the Premises and caused numerous violations to be levied by the City. Clarke also committed fraud by (i) diverting funds of E&J Macon LLC and me personally; and (ii) creating and recording with the Office of the City

Register of the City of New York a false and fraudulent operating agreement for E&J Macon, wherein Clarke claimed to be the 60% owner of E&J Macon. As a direct result of Clarke's conduct and fraud I have been prevented from obtaining financing to repair the Premises and repay Macon Funding. Second, because lenders would not consider new financing until Clarke's alleged claims to 60% of E&J Macon were resolved and because Macon Funding refused to provide accurate payoff information for its loan, I fell into default with Macon Funding. Thereafter, Macon Funding commenced a foreclosure action in Brooklyn Supreme Court, captioned *Macon Funding Associates v. E&J Macon, LLC et al,* Index No. 511076/2017, Kings County Supreme Court (the "**Foreclosure Action**") seeking to foreclose upon the Premises. Macon Funding produced false and substantially overstated payoff information and had to be ordered to produce payoff information by the court in the Foreclosure Action. We believe that the amount due to Macon Funding is substantially overstated and will require proceedings before this Court to be accurately determined.

20.     I am advised that on January 18, 2018 an order was entered in the Foreclosure Action appointing Harvey Greenberg, as a receiver of the Premises (the "**Receiver**"). Though I understand that the Receiver has not yet taken the necessary steps to qualify, such action could be taken at any time and that there could be significant adverse consequences to the management of the Premises.

21.     I am further advised that there is a hearing scheduled for January 24, 2018, wherein Macon Funding is seeking summary judgment in the Foreclosure Action. As discussed above, I am advised that there is a substantial dispute as to the amount owed to Macon Funding due to their prior production of false payoff statements and that the motion is being opposed.

However, I am advised that there is risk that judgment could be entered in favor of Macon Funding against the Debtor and the Premises.

22.    I am advised and believe that the Premises and the substantial equity in the Premises are at imminent risk to foreclosure and the appointment of the Receiver and that the commencement of this Chapter 11 case and the anticipated cases for Pacific Realty, Bergen Realty and Macon Realty is necessary in order to preserve the Premises.

23.    I am advised and believe that the goal of the Chapter 11 cases filed and to be filed is to resolve the false and fraudulent ownership claims made by Clarke with respect to the Debtor, to quantify the amount due to Macon Funding and to obtain new financing in order to pay creditors the amount of their allowed claims in full at the time of confirmation of a plan, if not sooner, and to complete the necessary repairs and improvements to the Premises.

### B.  The Debtor's Business

24.    Prior to September 29, 2016, title to the Premises was held by me personally. The transfers discussed herein were implemented to protect the Premises from Clarke, not to avoid obligations to any creditors or the City. Thus, even though, E&J Macon is the sole obligor on the Macon Funding Loan and not the current owner of record of the Premises, it is not disputed that the Premises constitute the collateral securing obligations of E&J Macon and that the Premises are or will be subject to the jurisdiction of this Court in order to repay creditors and reorganize under Chapter 11.

25.    In the spring/summer 2015 I realized that I needed help managing the Premises. The Premises had numerous violations. As a result, tenants were withholding rent and the City of New York was issuing violations and fines. Without rental income I lacked the resources to address the violations.

26.    At that time, I met Clarke. Clarke held himself out to be a Deacon at a local church and as someone who I could trust to manage the Premises, deal with the City of New York and obtain financing necessary to address the financial obligations related to the Premises.

27.    Clarke convinced me to execute a management agreement with Seaview Management Associates, Corp. ("**Seaview**") a company he owned. As the owner of each of the Premises, I executed a management agreement dated March 24, 2016 (the "**Seaview Management Agreement**") which gave Clarke broad authority to manage the Premises, including signatory authority over an E&J Macon bank account at TD Bank.

28.    Clarke claimed that he was actively managing the Premises, but, as I learned too late, he was siphoning funds for his own benefit and causing the Premises to fall into further disrepair. Clarke's willful and/or negligent management of the Premises resulted in more fines and violations being issued.

29.    Clarke convinced me to obtain a loan from a so called hard money lender, Macon Funding, in the amount of $3,650,000 (the "**Macon Loan**").

30.    I relied upon Clarke to obtain a lawyer for me and to explain the details of the transactions and trusted that Clarke was acting in my best interests.

31.    The Macon Loan closed September 29, 2016. The closing was attended by me, Clarke, the attorney hired by Clarke, a title company and representatives of Macon Funding.

32.    As part of the Macon Loan transaction, I was required to transfer title to the Premises from my name to the Debtor, E&J Macon, LLC, an entity formed as required by Macon Funding.

33.     At the Macon Loan closing I recall seeing documents regarding the formation of E&J Macon LLC which identified me as the sole owner/member. I understood and believe that at all times I have been and am the 100% owner of the Debtor.

34.     I never conveyed any interest in the Debtor to Clarke.

35.     At the closing of the Macon Loan, in the presence of Clarke, I signed many documents, identifying me as the sole owner of E&J Macon, including, a promissory note a mortgage, and an operating agreement of E&J Macon, dated September 29, 2016 (the "**Operating Agreement**"). I also signed a personal guaranty of the obligations to Macon Funding. Clarke did not execute any documents in connection with the Macon Loan.

36.     Of the $3,650,000 proceeds of the Macon Loan, E&J Macon received $93,403.98. I learned that Clarke took these funds for his own use. I believe that the rest of the funds were used as set forth on the Macon Loan closing statement attached hereto as Exhibit A.

37.     Perhaps the biggest mistake in my 71 years was to trust Clarke. Perhaps I put too much trust in the fact that he claimed to be a Deacon and in my faith, but I am now suffering the consequences of that trust. I trusted Clarke to collect rents, pay expenses and arrange for repairs of the Premises. A bank account was opened in the name of E&J Macon and Clarke was added as an authorized signatory on the account. Unbeknownst to me, for more than a year, Clarke was using his authority as agent for E&J Macon to defraud me and E& J Macon. The extent of the funds stolen or diverted by Clarke is presently unknown, but is being investigated by my attorneys and will be the subject of proceedings before this Court. I trusted that Clarke understood the obligations of a landlord to maintain buildings and provide services to tenants and that he would carry out those duties. Although he took fees for his management company, Clarke neglected or willfully ignored his responsibilities and amassed more violations for the Premises,

causing significant injury to me, the Premises and the Debtor. Clarke also betrayed my trust by fabricating documents and claiming that he owns 60% of E&J Macon.

38.     In early 2017 I was introduced to Mr. Mark Nussbaum, an attorney, who agreed to help me find a new property manager for the Premises and a new lender to provide financing to repay the Macon Loan and to fund the continued repairs and improvements of the Premises.

39.     As Mr. Nussbaum investigated my situation, in May 2017 he realized that it would take longer than anticipated to obtain financing from a conventional lender and he knew that funds were needed urgently to continue to manage the Premises and resolve building code violations.

40.     Rather than abandon me, Mr. Nussbaum continued to help. On May 3, 2016, I personally, and as the sole owner of E&J Macon, signed various loan documents to obtain a $500,000 short term loan arranged by Mr. Nussbaum (the "**Nussbaum Loan**"). I also agreed, on behalf of E&J Macon, to grant a second mortgage on the Premises to secure the obligations under the Nussbaum Loan.

41.     USA Solutions has been managing the Premises since May 2017, but we only recently executed a formal management agreement dated January 19, 2018 (the "**USA Solutions Management Agreement**"). Pursuant to the USA Solutions Management Agreement, USA Solutions, among other things collects all rents, pays all expenses, arranges for maintenance and repairs and works with the City to resolve outstanding violations for the Premises. USA Solutions maintains a bank account in the name of USA Quick Solutions Corp. at JPM Morgan Chase Bank under account ending in ****5112 through which all receipts and withdrawals for the Premises flow.

42.    At about the same time that the Nussbaum Loan closed, I learned that Clarke had created a fraudulent operating agreement for E&J Macon (the "**Fraudulent Operating Agreement**"). Clarke back dated the Fraudulent Operating Agreement to July 29, 2016 (before the Macon Loan closing which Clarke attended), forged my signature and had it falsely notarized by Twuana N. Janvier. In this Fraudulent Operating Agreement, Clarke claims that he is the 60% owner of E&J Macon.

43.    Clarke then caused the Fraudulent Operating Agreement to be recorded with the Office of the City Register of the City of New York on May 24, 2017. The Fraudulent Operating Agreement is now of record against each of the Premises.

44.    As a result of the recording of this Fraudulent Operating Agreement, I was advised by Mr. Nussbaum that lenders were unwilling to make a loan to E&J Macon without the participation of Clarke.

45.    Demand was made of Clarke to remove this Fraudulent Operating Agreement from the public record, but he refused.

46.    By letter dated March 29, 2017, my attorneys terminated Clark's authority as manager of the Premises and terminated the Seaview Management Agreement.

47.    I retained counsel to assist me with Clarke and action was commenced seeking damages for his fraud. The action is pending in the Supreme Court in Brooklyn as *Ervin Johnson v. E&J Macon LLC, John Clarke and Twuana N. Janvier. Johnson,* 513064/2017, Kings County Supreme Court (the "**Fraud Action**"). I am in the process of replacing counsel of record in the Fraud Action with new counsel Abraham Neuhaus, of Stahl & Zelmanovitz, 747 Third Avenue, New York, New York 10017.

48.    Because of Clarke's fraud, I could not obtain funding to pay Macon Funding and on May 11, 2017 Macon Funding issued a default letter and demanded payment in full of the Macon Loan.

49.    I am advised that we will be seeking an order of this Court resolving Clarke's claim to any ownership of the Debtor.

50.    On June 6, 2017 Macon Funding commenced a foreclosure action captioned *Macon Funding Associates v. E&J Macon, LLC et al,*  Index No. 511076/2017 Kings County Supreme Court (the "**Foreclosure Action**"). As previously noted, the State Court has issued an order appointing a Receiver and there is a risk that the court will rule on Macon Funding's motion for summary judgment as soon as January 24, 2018.

51.    Also, as previously stated, I believe that Macon Funding has grossly overstated the amount of its secured claim and it is the intention of the Debtor to dispute that claim in this Court.

52.    In order to protect the Premises from the continued fraudulent conduct of Clarke, and as I was advised and believe that financing in an amount of at least $5 million would be immediately available to repay Macon Funding the amount it is actually owned and to improve the Premises if only we could resolve the ownership issue, I agreed with Nussbaum to effect transfers of title from E&J Macon to each of Pacific Realty, Bergen Realty and Macon Realty, each of which will soon be debtors before this Court.

53.    Initially I was the sole owner of each of Pacific Realty, Bergen Realty and Macon Realty.  Following the transfers of the Premises, in consideration of the funds being advanced under the Nussbaum Loan and otherwise, I agreed to transfer a 49% interest in each of these entities to the entity providing the financing. As I understand it, the Debtor and each of Pacific

Realty, Bergen Realty and Macon Realty are presently owned as set forth on the corporate structure attached as Exhibit B.

54.     Again the purpose of these transfers was not to avoid or evade any obligations to any creditors or the City, but to protect the Premises from Clarke's continued fraud and obtain financing to satisfy all existing obligations.

55.     Although the Nussbaum Loan matured August 2, 2017, Mr. Nussbaum has continued to work with me and has agreed to support the Chapter 11 cases.

56.     With the assistance of Nussbaum and USA Solutions, hundreds of building violations have been cured and substantial improvements are scheduled to be performed to the Premises to address the remaining violations. A summary of the violations and amounts due is being compiled and will be provided in a subsequent filing.

57.     In addition, as the value of the Premises is tied to the condition of the buildings and the rent roll, the Debtor, through landlord and tenant counsel is pursuing eviction proceedings. A schedule of such proceedings will be provided in subsequent filings.

58.     I, on behalf of E&J Macon am a plaintiff in an action captioned, *Ervin Johnson v. MPW Funding LLC,* Index No. 523210/2017, Kings County Supreme Court, wherein I am seeking to enforce a purchase option granted to E&J Macon to purchase certain premises identified as 346 East 9th Street Brooklyn, New York, which premises were fraudulently obtained from me as part of an equity theft scheme. I am advised that it is anticipated that E&J Macon will seek an order of this Court to assume the contract which is the subject of this state court action and or seek other relief against MPW Funding.

59.     I have also been advised that E&J Macon is a named defendant in an action commenced December 5, 2017 and captioned +++++++++, *an infant by his mother and*

*natural guardian Natalia Rollins and Natalia Rollins, Individually v. Ervin Johnson, et al.,* Index No. 523435/2017, Kings County Supreme Court, wherein it is alleged that a minor child suffered injury from lead poisoning while living at 2836 West 19th Street, Brooklyn, New York. Although I, through a limited liability company, have an ownership interest in 2836 W. 19th Street, neither E&J Macon, nor any of Pacific Realty, Bergen Realty and Macon Realty has had any ownership or management interest or responsibility in 2836 W. 19th Street or in any entity which has or had any ownership or management interest in 2836 W. 19th Street. I believe and I am informed by counsel that E&J Macon is not a proper party to this action and that the plaintiffs are not properly creditors of E&J Macon. However, notice of this case will be provided to counsel for the parties to the action.

60.     I have also been advised that on May 22, 2017, the Internal Revenue Service has filed a federal tax lien against me personally and that the period at issue may predate the transfers of the Premises to the Debtor. I do not know whether such a lien attaches to any of the Premises as a valid lien and I am advised that this issue is being reviewed. I am advised that the IRS is nevertheless being provided notice of this bankruptcy case.


## PART II: INFORMATION REQUIRED BY LOCAL BANKRUTPCY RULE 1007

61.     In addition to the foregoing, Local Bankruptcy Rule 1007-4 requires certain information related to the Debtor, which is set forth below.

62.     **Local Rule 1007-4(a)(i):**The Debtor is  not small business debtor within the meaning of Bankruptcy Rule 101(51)(D). However, entities which are expected to file for Chapter 11 relief imminently (Pacific Realty, Bergen Realty and Macon Realty) may be considered single asset real estate companies under the Bankruptcy Code.

63.    **Local Rule 1007-4(a)(ii):**  The Debtor does not presently own assets or operate a business, but commonly owned entities identified above as Pacific Realty, Bergen Realty and Macon Realty, own and operate the Premises which are  multi family and/or mixed use buildings in Brooklyn, New York.

64.    **Local Rule 1007-4(a)(iii):** This case was not originally commenced under Chapter 7 or 13 of title 11 of the United States Code, 11 U.S.C. §§ 101, et seq.

65.    **Local Rule 1007-4(a)(iv):** Upon information and belief, no committee was organized prior to the order for relief in this Chapter 11 case.

66.    **Local Rule 1007-4(a)(v):** Upon information and belief, neither the Debtor, nor Pacific Realty, Bergen Realty and Macon Realty have any unsecured creditors, except as may be identified on the schedules accompanying the petition.

67.    **Local Rule 1007-4(a)(vi):** Creditors of which I am presently aware which are asserting a security interest in or lien upon the Premises are set forth on Exhibit C .

68.    **Local Rule 1007-(a)(vii):** A balance sheet is not available for the Debtor. However, the assets and liabilities of the Debtor, Pacific Realty, Bergen Realty and Macon Realty which are or will be subject to the jurisdiction of this Court are  summarized as:

Assets:

1596 Pacific Street:  $2,000,000 (est. market value)

1049 Bergen Street: $2,000,000 (est market value)

401 Macon Street $3,500,000 (est market value)

Cash on hand for Debtor,

1596 Pacific, 1049 Bergen

and 401 Macon:                  $7,400.00

14

Liabilities:

Macon Funding $3,650,000 (disputed)

Mark Nussbaum $576,334.86.00 (as of 1/17/18)

City of New York: unliquidated and disputed claims for building code violations

69. **Local Rule 1007-4(a)(viii):** There are no publicly held securities, stock or debentures.

70. **Local Rule 1007-4(a) (ix):** USA Solutions maintains one bank account at JPMorgan Chase Bank, N.A. for the Debtor, Pacific Realty, Bergen Realty and Macon Realty in the name of USA Quick Solutions Corp., with account number ending in *****5112. This account is solely for the operations of the Premises.

71. **Local Rule 1007-4(a) (x):** All bank accounts for the Debtor, Pacific Realty, Bergen Realty and Macon Realty are with JPMorgan Chase Bank, N.A. under the name of USA Quick Solutions Corp. in account number ending ****5112.

72. **Local Rule 1007-4(a) (xi):** All assets for the Debtor, Pacific Realty, Bergen Realty and Macon Realty are located at Pacific Street, Bergen Street, Macon Street and all books and records are maintained by USA Quick Solutions. In addition, it is the intent of the Debtor, Pacific Realty, Bergen Realty and Macon Realty to have books and records maintained by accountants to be retained by order of this Court.

73. **Local Rule 1007-4(a)(xii):** In the Foreclosure Action, a Receiver has been appointed but has not yet qualified and there is a hearing scheduled for January 24, 2018 on the motion of Macon Funding for summary judgment.

74. **Local Rule 1007-4(a)(xiii)**: The Debtor is 100% owned and managed by Ervin Johnson with an address at 878 East 28th Street, Brooklyn, N.Y. and the managing member of Pacific Realty, Bergen Realty and Macon Realty is Mark Nussbaum, Esq., with an address at Mark J. Nussbaum & Associates, 225 Broadway, N.Y., N.Y. 10007. In addition, Tanya Miles is the principal of USA Quick Solutions, Corp., with an address at 357 East Fulton Street Long Beach, N.Y. 11561. USA Solutions is responsible for managing the Premises and maintains the books and records for the Debtor and Pacific Realty, Bergen Realty and Macon Realty.

75. **Local Rule 1007-4(a)(xiv)**: There is presently no payroll and the principals of the Debtor, Pacific Realty, Bergen Realty and Macon Realty do not intend to take any salary or compensation. The compensation proposed to be paid to USA Solutions is $500/week to manage the Premises. In addition the Super will be hired to care for the Premises at a monthly salary of $3,200. It is expected that each of the Debtor, Pacific Realty, Bergen Realty and Macon Realty will share these expenses equally or pro rata, or as may be determined to be most equitable.

76. **Local Rule 1007-4(a)(xv)**: The principals of the Debtor, Pacific Realty, Bergen Realty and Macon Realty do not intend to take any salary or compensation.

77. **Local Rule 1007(a) (xvi)**: For the 30 days following the commencement of the cases, the projected cash receipts for the Debtor, Pacific Realty, Bergen Realty and Macon Realty is $19,938 from rent and projected expenses to operate the Premises (exclusive of improvements and repairs to correct violations) is $13,100.00 and projected adequate protection payment to Macon Funding to the extent required by the Court in an amount to be determined. Funding any cash needs is anticipated to be from cash flow and the DIP financing.

Remainder of Page Intentionally Omitted Signature Page Immediately Follows

Pursuant to 28 U.S.C, § 1746, I declare under the penalty of perjury that the foregoing is true and correct.

Ervin Johnson, Jr.

Exhibit A

Loan Funding Request Macon Loan

## FUNDING REQUEST STATEMENT

| | |
|---|---|
| LENDER: | MACON FUNDING ASSOCIATES. |
| BORROWER: | E & J MACON LLC |
| ADDRESS: | 1596 Pacific Street, Brooklyn, NY |
| | 1049 Bergen Street, Brooklyn, NY |
| | 401 Macon Street, Brooklyn, NY |
| LOAN: | $3,650,000 |
| CLOSING DATE: | September 29, 2016 |

| PAYEE | AMOUNT |
|---|---|
| *Green Assets Inc. –*Funding Fee (balance)* | $ 69,500.00 |
| Green Assets Inc.- *Ins. tax & water escrow* | $ 59,011.20 |
| Green Assets Inc.- *Escrow reserve* | $ 46,707.61 |
| Info Tactic Group Inc. –*Background Check* | $650.26 |
| Hartmann Doherty-*Legal & Disbursements* | $ 25,075.00 |
| Green Assets Inc.- *September interest* | $1,825.00 |
| Green Assets Inc.- *Interest Reserve* | $82,125.00 |
| Green Assets Inc.- *Reserve* | $450,000.00 |
| Cornerstone Group of New York- *commission* | $73,000.00 |
| PFS Group Inc.-*Insurance* | $13,676.24 |
| | |
| D.H.P.D - *payoffs* | $637,289.00 |
| Home Heating Oil -*payoff* | $165,000.00 |
| Law office of Daniel Sully-*legal* | $55,000.00 |
| Alston Moore- *payoff* | $170,000.00 |
| Neighborhood Housing Services of NY-*payoff* | $206,979.71 |
| Department of HPD-*payoff* | $151,707.41 |
| Commissioner of Taxation and Finance-*payoff* | $3,400.00 |
| Ridge Abstract Corp.-*title* incl. Oct taxes, water & sewer | $278,698.74 |

_(handwritten: 46,315.?5)_

### 1049 BERGEN TAX LIEN PAYOFFS:

1. NYCTL 2015-A TRUST MTAG ........................................$7,285.59
2. NYCTL 1998-2 MTAG...............................................$16,181.82
3. NYCTL 2016-A TRUST MTAG .......................................$6,860.78
4. 1998-2 TRUST/MTAG ..............................................$15,987.56

### 401 MACON TAX LIEN PAYOFFS:
1. NYCTL 1988-2 TRUST MTAG .......................................$38,902.46
2. NYCTL 1988-2/MTAG...............................................$275,910.13
3. NYCTL 1988-2/MTAG...............................................$214,555.63
4. 1998-2 TRUST/MTAG .............................................$90,940.66
5. NYCTL 2015-A TRUST MTAG .......................................$162,236.74
6. NYCTL 2016-A TRUST MTAG .......................................$119,389.48

Law Office of Caridi (Legal Fee) ...................................$7,700.00
Paul Interlandi (Closer Fee) ......................................$1,500.00
Worldwide Services LLC (Commission) ...........................$109,500.00
E & J MACON LLC (Buyer) .........................................$93,403.98

**TOTAL DISBURSED:**      **$3,650,000.00**

**BORROWER:**
E & J MACON LLC

BY: _(signature)_
ERVIN JOHNSON, JR., Sole Member

*Funding fee is $73,000.  Borrower is credited $3,500 for the Application fee received prior to closing

Exhibit B









Exhibit C

Schedule of Secured Creditors

Macon Funding Associates

Mark J. Nussbaum, Esq. as Nominee

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK
_____

In re

     401 MACON REALTY LLC

                                    Case No.

       Debtor                    Chapter 11

_____

CORPORATE DISCLOSURE
PURSUANT TO E.D.N.Y. LBR 1073-3

In accordance with Local Bankruptcy Rule 1073-3, Mark J. Nussbaum, the Manager of 401 MACON REALTY LLC, the above-captioned debtor (the "'Debtor"), hereby states that the following entities and/or individuals directly or indirectly own 10% or more of the Debtor's equity interests:

      1. 401 Macon Johnson LLC – 51% owner of Debtor
           a. Ervin Johnson, Jr. - 100% owner of 401 Macon Johnson LLC
      2. 401 Macon Holdings LLC – 49% owner of Debtor
           a. Mark J. Nussbaum – 100% owner of 401 Macon Holdings LLC

I declare under penalty of perjury that the foregoing is true and correct.

Dated: January 23, 2018

                                /s/ Mark J. Nussbaum_____
                                Mark J. Nussbaum
                                Manager of 401 Macon Realty LLC

ACTION BY WRITTEN CONSENT
OF THE MEMBERS AND MANAGER OF 401 MACON REALTY LLC

The undersigned, being the all of the members ("**Members**") and the Manager (the "**Manager**") of 401 MACON REALTY LLC (the "**Company**"), a New York limited liability company, hereby consent to the following resolutions in accordance with New York Limited Liability Company Law, NY CLS LLC § 101, et seq., and the Amended and Restated Operating Agreement of 401 Macon Realty LLC dated June 26, 2017 (the "**Operating Agreement**"):

WHEREAS, the Operating Agreement provides that the business and affairs of the Company shall be managed by the Manager and that, except where expressly provided in the Operating Agreement or required under applicable law, the Members, in their capacity as such, shall have no voice or participation in the management of the Company's business and no power to bind the Company or act on behalf of the Company in any manner whatsoever; and

WHEREAS, no consent or vote of the Members is required to authorize or ratify the resolutions below, but the Members nonetheless join in said resolutions as an abundance of caution and for the avoidance of doubt; and

WHEREAS, the Company shares common ownership with E & J Macon LLC, a New York limited liability company; and

WHEREAS, the Company is the fee owner of that certain parcel of improved real property located in the Borough of Brooklyn, County of Kings, and City and State of New York known and designated as 401 Macon Street, Brooklyn, New York 11233 (the "**Premises**"), having taken title pursuant to a deed from E & J Macon LLC on or about June 26, 2017; and

WHEREAS, the Premises is the subject of a foreclosure action brought by Macon Funding Associates against E & J Macon LLC and others on June 6, 2017, Index Number 511076/2017 (the "**Foreclosure**"); and

WHEREAS, the Company shares common ownership with E & J Macon LLC, 1596 Pacific Realty LLC, and 1049 Bergen Realty LLC, all New York limited liability companies, each of which have contemporaneously agreed to the filing of Chapter 11 bankruptcy petitions; and

WHEREAS, the Manager has considered the financial and operational conditions of the Company's business; and

WHEREAS, the Manager has reviewed and considered the historical performance of the Company, the Foreclosure, and the current and long-term liabilities of the Company; and

WHEREAS, in light of the Foreclosure and the Company's current financial condition, the Manager has investigated, discussed and considered all options for addressing the Company's

financial challenges and, after consultation with the Company's professionals and advisors, has concluded that, in the business judgment of the Manager, it is in the best interests of the Company, its creditors, and other interested parties that a petition ("**Petition**") be filed by the Company seeking relief under the provisions of Chapter 11 of Title 11 of the United States Code (the "**Bankruptcy Code**").

RESOLVED, THEREFORE, that the Manager is hereby authorized, empowered and directed, in the name and on behalf of the Company, to execute and verify a petition under Chapter 11 of the Bankruptcy Code and to cause the same to be filed in the United States Bankruptcy Court for the Eastern District of New York at such time as he shall determine; and it is further

RESOLVED, that the law firm of Teitelbaum Law Group, LLC is hereby employed as attorneys for the Company in the Chapter 11 case, subject to Bankruptcy Court approval; and it is further

RESOLVED, that the Manager is hereby authorized, empowered and directed to execute and file all petitions, schedules, motions, lists, applications, pleadings and other papers and, in that connection, to employ and retain all assistance by legal counsel, accountants, financial advisors, liquidators and other professionals, and to take and perform any and all further acts and deeds they deem necessary, proper or desirable in connection with the successful prosecution of the Chapter 11 case; and it is further

RESOLVED, that the Manager is hereby authorized, empowered and directed, in the name and on behalf of the Company, to cause the Company to enter into, execute, deliver, certify, file and/or record, and perform such agreements, instruments, motions, affidavits, applications for approvals or ruling of governmental or regulatory authorities, certificates or other documents, including without limitation, the amendment of any organizational, constitutional or similar documents of subsidiaries of the Company for the preservation of such entities and/or the value of the estate, and to take such action as in the judgment of such officer shall be or become necessary, proper and desirable to effectuate an orderly liquidation of the Company's assets; and it is further

RESOLVED, that the filing by the Company of a petition seeking relief under the provisions of the Bankruptcy Code shall not dissolve the Company; and it is further

RESOLVED, that any and all past actions heretofore taken by the Manager in the name and on behalf of the Company in furtherance of any or all of the proceeding resolutions be, and the same hereby are, ratified, confirmed and approved; and it is further

RESOLVED, that this Written Consent shall serve in lieu of a special meeting of the Members and Manager of the Company and the undersigned hereby waive all requirements as to notice of a meeting; and it is further

RESOLVED, that this Written Consent may be executed in order or more counterparts, each of which will be deemed to be an original copy, and all of which, when taken together, will be deemed to constitute on and the same Written Consent. 'Pdf' and facsimile signatures shall be sufficient for the execution of this Written Consent.

IN WITNESS WHEREOF, the undersigned have executed this Written Consent as of January 15, 2018.

MANAGER:

_____
Mark J. Nussbaum

MEMBERS:

401 Macon Johnson LLC

By: _____
Name: Ervin Johnson, Jr.
Title:   Sole Member

401 Macon Holdings LLC

By: _____
Name: Mark J. Nussbaum
Title:   Managing Member

B2030 (Form 2030) (12/15)

# United States Bankruptcy Court
## Eastern District of New York

In re    **401 Macon Realty LLC**                                   Case No. _____

                                       Debtor(s)                  Chapter     **11**

## DISCLOSURE OF COMPENSATION OF ATTORNEY FOR DEBTOR(S)

1. Pursuant to a retention agreement dated as of January 12, 2018 among Teitelbaum Law Group, LLC ("TLG") and E&J Macon LLC, 1596 Pacific Realty LLC, 1049 Bergen Realty LLC and 401 Macon Realty LLC, TLG received from Mark J. Nussbaum, Esq, a principal of 1596 Pacific Realty LLC, 1049 Bergen Realty LLC and 401 Macon Realty LLC, a retainer of $50,000 to provide services to each of E&J Macon LLC, 1596 Pacific Realty LLC, 1049 Bergen Realty LLC and 401 Macon Realty LLC, including legal advice and the preparation of documents necessary to file chapter 11 cases for each entity and to represent each entity in such Chapter 11 cases and for the Chapter 11 filing fees. As of the filing of this case for E&J Macon LLC on January 19, 2018, TLG billed and been paid $35,000 for legal fees, paid the chapter 11 filing fee for E&J Macon in the amount of $1,717 and held a balance in its retainer of $8,132 for legal fees and $5,151 for the Chapter 11 filing fees for 1596 Pacific Realty LLC, 1049 Bergen Realty LLC and 401 Macon Realty LLC. From and after January 19 and as of the filing of the Chapter 11 cases for 1596 Pacific Realty LLC, 1049 Bergen Realty LLC, and 401 Macon Realty LLC, TLG billed and was paid the additional sum of $2,843.50 and paid the Chapter 11 filing fees in the amount of $5,151, leaving a retainer balance of $5,288.50.

### CERTIFICATION

     I certify that the foregoing is a complete statement of any agreement or arrangement for payment to me for representation of the debtor(s) in this bankruptcy proceeding.

| | |
|---|---|
| **January 24, 2018** | **/s/ Jay Teitelbaum** |
| *Date* | **Jay Teitelbaum** |
| | *Signature of Attorney* |
| | **Teitelbaum Law Group, LLC** |
| | **1 Barker Avenue, Third Floor** |
| | **White Plains, NY 10601** |
| | **(914) 437-7670  Fax: (914) 437-7672** |
| | **JTeitelbaum@tblawllp.com** |
| | *Name of law firm* |

## <u>List of Creditors</u>

Mark J. Nussbaum, Esq.,
as nominee
225 Broadway
39th Floor
New York, NY 10007

NYC Housing Preservation
& Development
100 Gold Street
New York, NY 10038

NYC Building Department
210 Joralmon St, 8th FL
Attn: Ira Gluckman
Brooklyn, NY 11201

Macon Funding Associates
c/o Green Assets Inc.
875 Mamaroneck Avenue
Suite 401
Mamaroneck, NY 10543

**Fill in this information to identify the case:**

Debtor name      **401 MACON REALTY LLC**

United States Bankruptcy Court for the:   EASTERN DISTRICT OF NEW YORK

Case number (if known) _____

☐ Check if this is an
   amended filing

## Official Form 202
# Declaration Under Penalty of Perjury for Non-Individual Debtors    12/15

An individual who is authorized to act on behalf of a non-individual debtor, such as a corporation or partnership, must sign and submit this form for the schedules of assets and liabilities, any other document that requires a declaration that is not included in the document, and any amendments of those documents. This form must state the individual's position or relationship to the debtor, the identity of the document, and the date. Bankruptcy Rules 1008 and 9011.

WARNING -- Bankruptcy fraud is a serious crime. Making a false statement, concealing property, or obtaining money or property by fraud in connection with a bankruptcy case can result in fines up to $500,000 or imprisonment for up to 20 years, or both. 18 U.S.C. §§ 152, 1341, 1519, and 3571.

### Declaration and signature

I am the president, another officer, or an authorized agent of the corporation; a member or an authorized agent of the partnership; or another individual serving as a representative of the debtor in this case.

I have examined the information in the documents checked below and I have a reasonable belief that the information is true and correct:

☐   *Schedule A/B: Assets–Real and Personal Property* (Official Form 206A/B)
☐   *Schedule D: Creditors Who Have Claims Secured by Property* (Official Form 206D)
☐   *Schedule E/F: Creditors Who Have Unsecured Claims* (Official Form 206E/F)
☐   *Schedule G: Executory Contracts and Unexpired Leases* (Official Form 206G)
☐   *Schedule H: Codebtors* (Official Form 206H)
☐   *Summary of Assets and Liabilities for Non-Individuals* (Official Form 206Sum)
☐   Amended *Schedule*
■   *Chapter 11 or Chapter 9 Cases: List of Creditors Who Have the 20 Largest Unsecured Claims and Are Not Insiders* (Official Form 204)
☐   Other document that requires a declaration _____

I declare under penalty of perjury that the foregoing is true and correct.

Executed on   **January 23, 2018**          X **/s/ Mark J. Nussbaum**
                                               Signature of individual signing on behalf of debtor

                                            **Mark J. Nussbaum**
                                            Printed name

                                            **Manager**
                                            Position or relationship to debtor

Fill in this information to identify the case:

| | |
|---|---|
| Debtor name | **401 MACON REALTY LLC** |
| United States Bankruptcy Court for the: | **EASTERN DISTRICT OF NEW YORK** |
| Case number (if known): | |

☐ Check if this is an

amended filing

## Official Form 204

### Chapter 11 or Chapter 9 Cases: List of Creditors Who Have the 20 Largest Unsecured Claims and Are Not Insiders
**12/15**

A list of creditors holding the 20 largest unsecured claims must be filed in a Chapter 11 or Chapter 9 case. Include claims which the debtor disputes. Do not include claims by any person or entity who is an insider, as defined in 11 U.S.C. § 101(31).  Also, do not include claims by secured creditors, unless the unsecured claim resulting from inadequate collateral value places the creditor among the holders of the 20 largest unsecured claims.

| Name of creditor and complete mailing address, including zip code | Name, telephone number and email address of creditor contact | Nature of claim (for example, trade debts, bank loans, professional services, and government contracts) | Indicate if claim is contingent, unliquidated, or disputed | Amount of claim If the claim is fully unsecured, fill in only unsecured claim amount. If claim is partially secured, fill in total claim amount and deduction for value of collateral or setoff to calculate unsecured claim. | | |
|---|---|---|---|---|---|---|
| | | | | Total claim, if partially secured | Deduction for value of collateral or setoff | Unsecured claim |
| **NYC Building Department 210 Joralmon St, 8th FL Attn: Ira Gluckman Brooklyn, NY 11201** | | **Building Code Violations, Penalties, and Fines** | **Unliquidated Disputed** | | | $0.00 |
| **NYC Housing Preservation & Development 100 Gold Street New York, NY 10038** | | **Violations, fines, and penalties, AEP charges** | **Unliquidated Disputed** | | | $0.00 |

Software Copyright (c) 1996-2017 Best Case, LLC - www.bestcase.com    Best Case Bankruptcy

# United States Bankruptcy Court
## Eastern District of New York

In re    **401 MACON REALTY LLC**

Debtor(s)

Case No. _____

Chapter   **11**

## LIST OF EQUITY SECURITY HOLDERS

Following is the list of the Debtor's equity security holders which is prepared in accordance with rule 1007(a)(3) for filing in this Chapter 11 Case

| Name and last known address or place of business of holder | Security Class | Number of Securities | Kind of Interest |
|---|---|---|---|
| **401 Macon Holdings LLC c/o Mark J. Nussbaum & Associates PLLC 225 Broadway, 39th Floor New York, NY 10007** | | **49** | **LLC membership interest** |
| **401 Macon Johnson LLC 878 East 28th Street Brooklyn, NY 11210** | | **51** | **LLC membership interest** |

## DECLARATION UNDER PENALTY OF PERJURY ON BEHALF OF CORPORATION OR PARTNERSHIP

I, the **Manager** of the corporation named as the debtor in this case, declare under penalty of perjury that I have read the foregoing List of Equity Security Holders and that it is true and correct to the best of my information and belief.

Date   **January 23, 2018**

Signature   **/s/ Mark J. Nussbaum**

**Mark J. Nussbaum**

*Penalty for making a false statement of concealing property:* Fine of up to $500,000 or imprisonment for up to 5 years or both.
18 U.S.C. §§ 152 and 3571.

**United States Bankruptcy Court**

**Eastern District of New York**

In re    **401 MACON REALTY LLC**                           Case No.

                                    Debtor(s)            Chapter    **11**

# VERIFICATION OF CREDITOR MATRIX

       The above named debtor(s) or attorney for the debtor(s) hereby verify that the attached matrix (list of creditors) is true and correct to the best of their knowledge.

Date:    **January 23, 2018**                     **/s/ Mark J. Nussbaum**

                                         **Mark J. Nussbaum/Manager**

                                         Signer/Title

Date:    **January 23, 2018**                     **/s/ Jay Teitelbaum**

                                         Signature of Attorney

                                         **Jay Teitelbaum**

                                         **Teitelbaum Law Group, LLC**

                                         **1 Barker Avenue, Third Floor**

                                         **White Plains, NY 10601**

                                         **(914) 437-7670   Fax: (914) 437-7672**

1049 Bergen Realty LLC
878 East 28th Street
Brooklyn, NY 11210


1596 Pacific Realty LLC
878 East 28th Street
Brooklyn, NY 11210


Alton Holder
401 Macon St.
Apt. 14
Brooklyn, NY 11233


Consolidated Edison Co.
of New York, Inc.
4 Irving Place
New York, NY 10003


E & J Macon LLC
878 East 28th Street
Brooklyn, NY 11210


Emma McNeil
401 Macon St.
Apt. 12
Brooklyn, NY 11233


Environmental Control Brd
66 John St
New York, NY 10038


Geraldine Halliday
401 Macon St.
Apt. 13
Brooklyn, NY 11233


Harvey Greenberg
232 Madison Avenue
Rm 909
New York, NY 10016


Internal Revenue Service
P.O. Box 7346
Philadelphia, PA 19101-7346

John Clarke
68 Herkimer Street
Brooklyn, NY 11216


Macon Funding Associates
c/o Green Assets Inc.
875 Mamaroneck Avenue
Suite 401
Mamaroneck, NY 10543


Mark J. Nussbaum, Esq.,
as nominee
225 Broadway
39th Floor
New York, NY 10007


Mary Lou Martin
Office of the US Trustee
U.S. Federal Office Bldg
201 Varick St, STE 1006
New York, NY 10014


NYC Building Department
210 Joralmon St, 8th FL
Attn: Ira Gluckman
Brooklyn, NY 11201


NYC Department of Finance
345 Adams Street, 3rd FL
Attn: Legal Affairs Div.
Brooklyn, NY 11201-3719


NYC Department of Finance
345 Adams Street, 3rd Flo
Office of Legal Affairs
(Parking Violations)
Brooklyn, NY 11201


NYC Housing Preservation
& Development
100 Gold Street
New York, NY 10038

```
NYC Law Department
Office of Corp. Counsel
Attn: Zachary W. Carter
100 Church Street
New York, NY 10007


NYS Dept. Of Taxation
Bankruptcy Unit - TCD
Building 8, Room 455
W.A. Harriman St. Campus
Albany, NY 12227


NYS Dept. Of Taxation &
Finance
Bankruptcy Unit
P.O. Box 5300
Albany, NY 12205-5300


Securities & Exchange Com
200 Vesey Street, STE 400
New York Regional Office
Attn: Andrew M. Calamari
New York, NY 10281


Sheena Bynae
401 Macon St.
Apt. 16
Brooklyn, NY 11233


Shelita Thomas
401 Macon St.
Apt. 2
Brooklyn, NY 11233


Sherita Turner
401 Macon St.
Apt. 3
Brooklyn, NY 11233


Tanisha Folks
401 Macon St.
Apt. 15
Brooklyn, NY 11233
```

Timothy Nash
401 Macon St.
Apt. 11
Brooklyn, NY 11233


U.S. Attorney's Office
271-A Cadman Plaza East
Eastern District of NY
Attn: Bonni Perlin, Bankr
Brooklyn, NY 11201-1820


U.S. Dept. of Housing
26 Federal Plaza, Room 35
Office of Regional
Counsel for NY/NJ
New York, NY 10278


US Env. Protection Agency
290 Broadway, 17th Floor
Region 2 - NY/Caribbean
Attn: Douglas Fischer
New York, NY 10007-1866


USA Quick Solutions Corp
45 W Sunrise Highway
Freeport, NY 11520

# United States Bankruptcy Court
### Eastern District of New York

In re   **401 MACON REALTY LLC**

Debtor(s)

Case No. _____

Chapter   **11**

## CORPORATE OWNERSHIP STATEMENT (RULE 7007.1)

Pursuant to Federal Rule of Bankruptcy Procedure 7007.1 and to enable the Judges to evaluate possible disqualification or recusal, the undersigned counsel for   **401 MACON REALTY LLC**   in the above captioned action, certifies that the following is a (are) corporation(s), other than the debtor or a governmental unit, that directly or indirectly own(s) 10% or more of any class of the corporation's(s') equity interests, or states that there are no entities to report under FRBP 7007.1:

**401 Macon Holdings LLC**
**c/o Mark J. Nussbaum &**
**Associates PLLC**
**225 Broadway, 39th Floor**
**New York, NY 10007**

**401 Macon Johnson LLC**
**878 East 28th Street**
**Brooklyn, NY 11210**

☐ None [*Check if applicable*]

**January 23, 2018**

Date

**/s/ Jay Teitelbaum**

**Jay Teitelbaum**

Signature of Attorney or Litigant

Counsel for   **401 MACON REALTY LLC**

**Teitelbaum Law Group, LLC**
**1 Barker Avenue, Third Floor**
**White Plains, NY 10601**
**(914) 437-7670 Fax:(914) 437-7672**
**JTeitelbaum@tblawllp.com**

# UNITED STATES BANKRUPTCY COURT
# EASTERN DISTRICT OF NEW YORK

## STATEMENT PURSUANT TO LOCAL
## BANKRUPTCY RULE 1073-2(b)

**DEBTOR(S):**  **401 MACON REALTY LLC**                    **CASE NO.:** _____

      Pursuant to Local Bankruptcy Rule 1073-2(b), the debtor *(or any other petitioner)* hereby makes the following disclosure concerning Related Cases, to the petitioner's best knowledge, information and belief:

[NOTE: Cases shall be deemed "Related Cases" for purposes of E.D.N.Y. LBR 1073-1 and E.D.N.Y. LBR 1073-2 if the earlier case was pending at any time within eight years before the filing of the new petition, and the debtors in such cases: (i) are the same; (ii) are spouses or ex-spouses; (iii) are affiliates, as defined in 11 U.S.C. § 101(2); (iv) are general partners in the same partnership; (v) are a partnership and one or more of its general partners; (vi) are partnerships which share one or more common general partners; or (vii) have, or within 180 days of the commencement of either of the Related Cases had, an interest in property that was or is included in the property of another estate under 11 U.S.C. § 541(a).]

☐ NO RELATED CASE IS PENDING OR HAS BEEN PENDING AT ANY TIME.

■ THE FOLLOWING RELATED CASE(S) IS PENDING OR HAS BEEN PENDING:

1. CASE NO.:     JUDGE:     DISTRICT/DIVISION:  **Eastern District of New York**

DEBTOR NAME:  **1049 Bergen Realty LLC**

CASE STILL PENDING (Y/N):   **Y**      *[If closed]* Date of closing:_____

  CURRENT STATUS OF RELATED CASE: _____
                            (Discharged/awaiting discharge, confirmed, dismissed, etc.)

  MANNER IN WHICH CASES ARE RELATED *(Refer to NOTE above)*:  **common ownership**_____

REAL PROPERTY LISTED IN DEBTOR'S SCHEDULE "A" ("REAL PROPERTY") WHICH WAS ALSO LISTED IN SCHEDULE "A" OF RELATED CASE: _____

2. CASE NO.:     JUDGE:     DISTRICT/DIVISION:  **Eastern District of New York**

DEBTOR NAME:  **1596 Pacific Realty LLC**

CASE STILL PENDING (Y/N):   **Y**      *[If closed]* Date of closing:_____

  CURRENT STATUS OF RELATED CASE: _____
                            (Discharged/awaiting discharge, confirmed, dismissed, etc.)

  MANNER IN WHICH CASES ARE RELATED *(Refer to NOTE above)*:  **common ownership**_____

REAL PROPERTY LISTED IN DEBTOR'S SCHEDULE "A" ("REAL PROPERTY") WHICH WAS ALSO LISTED IN SCHEDULE "A" OF RELATED CASE: _____

(OVER)

DISCLOSURE OF RELATED CASES (cont'd)

3.  CASE NO.:  **18-40321**    JUDGE:  **Lord**    DISTRICT/DIVISION:  **Eastern District of New York**

DEBTOR NAME:  **E & J MACON LLC**

CASE STILL PENDING (Y/N):    **Y**        [*If closed*] Date of closing:_____

CURRENT STATUS OF RELATED CASE: _____
                                                    (Discharged/awaiting discharge, confirmed, dismissed, etc.)

MANNER IN WHICH CASES ARE RELATED (*Refer to NOTE above*): __**common ownership**_____

REAL PROPERTY LISTED IN DEBTOR'S SCHEDULE "A" ("REAL PROPERTY") WHICH WAS ALSO LISTED IN
SCHEDULE "A" OF RELATED CASE: _____

*NOTE:* Pursuant to 11 U.S.C. § 109(g), certain individuals who have had prior cases dismissed within the preceding 180 days may not be eligible to be debtors.  Such an individual will be required to file a statement in support of his/her eligibility to file.

TO BE COMPLETED BY DEBTOR/PETITIONER'S ATTORNEY, AS APPLICABLE:

I am admitted to practice in the Eastern District of New York (Y/N): __**Y**__

CERTIFICATION (to be signed by pro se debtor/petitioner or debtor/petitioner's attorney, as applicable):

I certify under penalty of perjury that the within bankruptcy case is not related to any case now pending or pending at any time, except as indicated elsewhere on this form.

**/s/ Jay Teitelbaum**
_____
**Jay Teitelbaum**
Signature of Debtor's Attorney                              _____
**Teitelbaum Law Group, LLC**                              Signature of Pro Se Debtor/Petitioner
**1 Barker Avenue, Third Floor**
**White Plains, NY 10601**                                 _____
**(914) 437-7670 Fax:(914) 437-7672**                      Signature of Pro Se Joint Debtor/Petitioner

                                                           _____
                                                           Mailing Address of Debtor/Petitioner

                                                           _____
                                                           City, State, Zip Code

                                                           _____
                                                           Area Code and Telephone Number

Failure to fully and truthfully provide all information required by the E.D.N.Y. LBR 1073-2 Statement may subject the debtor or any other petitioner and their attorney to appropriate sanctions, including without limitation conversion, the appointment of a trustee or the dismissal of the case with prejudice.

NOTE: Any change in address must be reported to the Court immediately IN WRITING.  Dismissal of your petition may otherwise result.